# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| IN RE CONTEMPT SANCTIONS AGAINST JOHN KILGALLON, Chief of Staff for the United States Marshals Service, DANIEL C. MOSTELLER, United States Marshal for the District of South Dakota, and STEPHEN HOUGHTALING, Chief Deputy United States Marshal for the District of South Dakota, individually and in their official capacities.<br><br>Defendants. | Case No. 21-MC-01 |

## DEFENDANTS' REQUEST FOR CONTINUANCE

The United States, on behalf of John Kilgallon, Chief of Staff for the United States Marshals Service, Daniel C. Mosteller, United States Marshal for the District of South Dakota, and Stephen Houghtaling, Chief Deputy United States Marshal for the District of South Dakota, each in their official capacities (collectively, "Marshals Service"), and defendants in their individual capacities ("Individual Defendants"), respectfully request a continuance of the civil contempt hearing currently scheduled for June 14, 2021 for the reasons discussed below.

On May 19, 2021, the Court issued an order requiring Messrs. Kilgallon, Mosteller, and Houghtaling "to appear personally before this Court and show cause, if any there be, why they should not be found to be in civil contempt of this Court, with possible monetary sanctions if found to be in contempt." Order to Show Cause ("Order") at 10. Specifically, the Court concluded that "[t]he

Marshals Service . . . directly violated previous orders for hearings and the rights of the defendants, their attorneys, the AUSA's court personnel, and the Court itself," when the Marshals Service removed criminal defendants from the courthouse after the deputy marshal was ordered out of the courtroom. *Id.* at 5.

On June 9, 2021, the Defendants filed their response to the Order, and explained why civil contempt was not warranted. ECF No. 11. On June 10, 2021, undersigned counsel has been advised that the Court had a conversation with United States Marshals Service Director Donald Washington. We understand that in this conversation, the Court explained that it viewed this case as one potentially raising criminal, rather than civil contempt. We also understand the Court indicated that the Individual Defendants could avoid criminal contempt proceedings if they agreed to meet certain specified conditions.

The Individual Defendants very much hope that the Court decides not to initiate criminal contempt proceedings, and we believe that there would be no basis for such proceedings. But the Individual Defendants are unable to agree to the conditions suggested by the Court. If the Court wishes to proceed with criminal contempt proceedings, Defendants respectfully request that the Court hold in abeyance the June 14, 2021 show cause hearing. The Individual Defendants have Fifth Amendment rights against self-incrimination that would be directly implicated in a civil contempt proceeding that may be followed by a criminal contempt proceeding. Furthermore, due process requires advance

notice of the specific criminal conduct that the Individual Defendants allegedly engaged in before any contempt hearing takes place, and procedural safeguards to ensure that their rights are protected. If the Court were to initiate criminal contempt proceedings, it would also be necessary to make arrangements for representation of the Individual Defendants. Defendants respectfully request that the Court hold the June 14, 2021 hearing in abeyance pending further action and clarification by the Court as to the scope of the proceedings against the Defendants.

Dated: June 11, 2021

                Respectfully submitted,

                BRIAN M. BOYNTON
                Acting Assistant Attorney General
                Civil Division

                JENNIFER D. RICKETTS
                Director, Federal Programs Branch

                CARLOTTA P. WELLS
                CHRISTOPHER HALL
                Assistant Branch Directors

                */s/ Joshua E. Gardner*
                JOSHUA E. GARDNER
                Special Counsel
                United States Department of Justice
                Federal Programs Branch
                1100 L St. NW, Room 11502
                Washington, DC 20530
                Tel.: (202) 305-7583
                Fax: (202) 616-8470
                Email: Joshua.E.Gardner@usdoj.gov

                *Counsel for Official Capacity Defendants*

C. SALVATORE D'ALESSIO, JR.
Acting Director, Constitutional Tort Staff
Torts Branch, Civil Division

RICHARD MONTAGUE
Senior Trial Counsel
Constitutional Tort Staff
Torts Branch, Civil Division

/s/ *Leah Brownlee Taylor*
LEAH BROWNLEE TAYLOR
United States Department of Justice
Senior Trial Attorney
Constitutional Tort Staff
Torts Branch, Civil Division
P.O. Box 7146
Washington, D.C. 20044
Email:  Leah.B.Taylor@usdoj.gov

*Counsel for Individual Capacity Defendants*