UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHDERN DIVISION


FILED
JUN 1 1 2021

| | |
|---|---|
| IN RE CONTEMPT SANCTIONS AGAINST DANIEL C. MOSTELER, United States Marshal for the District of South Dakota, STEPHEN HOUGHTALING, Chief Deputy United States Marshal for the District of South Dakota, JOHN KILGALON, Chief of Staff for the United States Marshals Service, individually and in their official capacities. | 1:21-mc-00001-CBK<br><br>ORDER |

My attorneys and I have, of course, been studying legal authorities in preparation for the hearing set for Monday, June 14, 2021. We have also reviewed the filings made on behalf of the defendants. As a result of research, I am now convinced that the conduct in violating court orders for hearings and "kidnaping" the three defendants, taking them to an unknown location outside the courthouse and refusing to agree to produce defendants in custody for hearings on Tuesday, June 15, cannot be civil contempt. These are all flagrant actions that have already been committed. Civil contempt allows defendants to have the key to the prison in their pockets. The only solution is to charge the defendants with criminal contempt. I had hoped to avoid that although the conduct certainly could be easily found to be criminal conduct. I have had no intention to imprison the defendants but I do believe they should be punished. Again, civil contempt cannot be used to punish someone. Criminal contempt can. Criminal conduct, of course, must be proved beyond a reasonable doubt. The defendants may be entitled to a jury trial. That remains to be seen.

In my first telephone call with Donald Washington, Director of the U.S. Marshals Service, which he initiated, he apologized profusely and said what happened should never have happened. He had not been consulted about the conduct engaged in by the defendants as he was

out of the office. I told him he had nothing for which to apologize since he was entirely "out of the loop." I asked him who made the decisions to obstruct the court proceedings and he did not answer, only saying it was a group decision. He told me the people in D.C. were told that the one defendant coming up for hearing was a murderer. That is entirely false. One defendant did have a conviction for manslaughter but had already served his sentence and was on supervised release. His hearing was fully completed before the Marshals took the three other defendants in custody.

In my second telephone conversation with the Director, I placed the call so that the defendants and their attorneys could have fair warning about criminal charges. I told the Director that the matter could be finally resolved by each of the defendants apologizing, admitting their responsibility, and contributing $5,000 each to the fund maintained by the Clerk's office to compensate attorneys who are appointed in civil cases. I believe that is called the attorneys' admission fund. The $5,000 amount is the maximum fine for a petty offense. I made it clear to the Director that this would resolve only the contempt conduct which had already occurred. I would continue to insist that deputy marshals answer the questions from the court in the courtroom as to whether or not they have been fully vaccinated. Such a refusal or refusals could then be treated as civil contempt with minimal civil penalties. I told him I wanted the matter of those refusals to answer to go before the United States Court of Appeals for the Eighth Circuit so that the federal judiciary could provide guidance: can an Article III judge question people appearing in federal court as to their vaccination status? The Director, of course, asked me to not go forward. I told him that was not going to happen. He told me the three defendants were "good people." I do not dispute that but I told him good people sometimes do bad or stupid things. I reminded him that obstruction of justice is not a specific intent crime. I also told him

that some people who were in the courtroom thought I was "set up" by the Marshals Service. He, of course, denied that. The fact remains that the Marshal knew very well the policy of the court weeks ahead of time and sent a deputy knowing the deputy would not answer. He did nothing after he was so advised. He stated it was not the policy of the Service that employees should not answer. I reminded him of the letter of April 15 from Marshal Mosteller: "As such, at this time, USMS employees will not be providing their respective vaccination status to the Court." I reminded him also of the recent EEOC ruling to the effect that employees can be questioned and can be removed from their employment for failure to be fully vaccinated.

The defendants claim surprise. That is not true, as I set forth above. The hearing now set will not be used to punish the defendants. The purpose is to serve as official notice under Federal Rule of Criminal Procedure 42 and explain the procedures that will follow.

The motion for a continuance has no legal merit and should be denied.

THEREFORE, it is Ordered that the motion for a continuance (Doc. 12) is DENIED.

DATED this 11th day of June, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge